**David P. Rossmiller, Montana Bar No. 11765**
Email: drossmiller@chartwelllaw.com
THE CHARTWELL LAW OFFICES, LLP
1050 SW 6th Avenue, Suite 1100
Portland, OR 97204
Telephone: 503-886-8108
Facsimile: 503-961-7864

*Attorneys for State Farm Fire and Casualty Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, an Illinois Company,<br><br>Plaintiff,<br><br>v.<br><br>BENJAMIN KIMBLE AND BETH KIMBLE, a married couple, BB&D PROPERTIES, LLC, a Montana limited liability company, and KIMBLE DRYWALL, INC., a Montana corporation.<br><br>Defendants. | CASE NO.<br><br>COMPLAINT<br>(Declaratory Judgment) |

Plaintiff State Farm Fire and Casualty Company ("State Farm") brings this complaint for declaratory judgment against defendants Benjamin Kimble and Beth Kimble (together the "Kimbles"), BB&D Properties, LLC ("BB&D"), and Kimble Drywall, Inc. ("Drywall") under 28 U.S.C. § 2201, alleging as follows:

Page 1 – COMPLAINT

## PARTIES

1. State Farm is an Illinois company with its principal place of business in Bloomington, Illinois. Therefore, State Farm is a citizen of Illinois. At all relevant times, State Farm has been licensed and registered to write certain lines of insurance in Montana.

2. Upon information and belief, the Kimbles are a married couple who currently are domiciled, and at all relevant times have been domiciled, in Flathead County, Montana. Therefore, upon information and belief, the Kimbles are citizens of Montana.

3. Upon information and belief, BB&D is a Montana limited liability company with its principal place of business in the state of Montana. Therefore, upon information and belief, BB&D is a citizen of Montana.

4. Upon information and belief, Drywall is a Montana corporation with its principal place of business in the state of Montana. Therefore, upon information and belief, Drywall is a citizen of Montana.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, the federal diversity jurisdiction statue.

6. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs because State Farm is providing a defense under a full

and complete reservation of rights pursuant to the Policy at issue to the Kimbles in the Underlying Lawsuit (defined below), a defense for BB&D and Drywall is at issue in this Lawsuit, and defense fees and costs for the Underlying Lawsuit, upon information and belief, will exceed the sum of $75,000; because, upon information and belief, the Underlying Counterclaim Plaintiffs' (Brian Wells and Destinee Wells (together the "Wellses")) property, for which the Wellses allege sale/development is impeded, is worth more than $75,000; and because the policy limits of the State Farm Policy issued to the Kimbles exceeds $75,000. If any one of these amounts does not, alone, exceed the sum or value of $75,000, the amounts above, together, do exceed such amount.

7. Venue is proper in this court under 28 U.S.C. § 1391(b) because the Kimbles, BB&D and Drywall each are citizens in this District, because the events giving rise to the claim occurred in this District and because the insurance was issued in this District.

## THE RELEVANT INSURANCE POLICY

8. Benjamin Kimble and Beth Kimble are the named insureds on State Farm Homeowners Policy number 26-BD-T353-0, which was effective from February 22, 2020 to February 22, 2021 (the "Policy"). The Policy has subsequent annual, consecutive effective dates from February 22, 2021, to February 22, 2023. In each policy period, the Policy has a Personal Liability (Each Occurrence) limit of

$500,000. A certified copy of the Policy for the 2020-2021 policy year is attached to this Complaint as Exhibit 1. The Policy is materially the same for the 2021-2022 and 2022-2023 policy years. The Policy is incorporated into this Complaint as if referenced in full.

9. Neither BB&D nor Drywall are named insureds on the Policy.

## COMMON ALLEGATIONS

10. On or about May 19, 2021, the Wellses filed an Application for a Preliminary Temporary Restraining Order against the Kimbles in the Montana Eleventh Judicial District Court, Flathead County, which is titled *Brian Wells et al. v. Benjamin L. Kimble, et al.* and is listed as Cause No. DV-15-2021-0000510-OC[1] on the court's docket, although the parties' pleadings bear the Cause No. DV-21-510(A) (the "Underlying Lawsuit"). A copy of the pleading is attached to this Complaint as Exhibit 2.

11. On or about December 3, 2021, the Kimbles, BB&D and Drywall jointly filed a document titled Complaint with Petition for Declaratory Judgment and Demand for Jury Trial in the Underlying Lawsuit ("Declaratory Judgment Complaint"). A copy of the pleading is attached to this Complaint as Exhibit 3.

/ / /

/ / /

---

[1] The case number on the docket was later changed to DV-15-2021-0000510-IJ.

Page 4 – COMPLAINT

12. The Declaratory Judgment Complaint in the Underlying Lawsuit alleges that the Wellses applied to Flathead County Planning and Zoning for approval of a 17-lot subdivision on the Wellses' property.

13. On or about December 17, 2021, the Wellses filed an Answer to the Declaratory Judgment Complaint and Counterclaim in the Underlying Lawsuit (the "Underlying Counterclaim"). The Underlying Counterclaim is attached to this Complaint as Exhibit 4.

14. Defense and indemnity regarding the Underlying Counterclaim were tendered to State Farm on September 20, 2022.

15. State Farm currently is providing a defense to the Kimbles regarding the Underlying Counterclaim under a full reservation of rights.

16. State Farm is not providing a defense to BB&D or Drywall because, among other reasons, neither BB&D nor Drywall are insureds or additional insureds on the Policy.

17. The Underlying Counterclaim alleges that the Kimbles and BB&D own property. The Kimbles' property and BB&D's property are, upon information and belief, adjacent.

18. The Underlying Counterclaim alleges that Drywall operates a business from the Kimbles' property.

/ / /

19.    The Underlying Counterclaim alleges that the Wellses have an easement through the Kimbles'/BB&D's properties.

20.    The Underlying Counterclaim alleges that, in the Spring of 2021, the Wellses began constructing a family home on their property and that the Kimbles, BB&D and Drywall "began interfering with Wells'[2] use and enjoyment of the Easement and Wells' property" by "blocking Wells and their contractors and material suppliers from utilizing the Easement by parking vehicles (including Kimble Drywall vehicles) and trailers on the Easement; placing rocks and a saw horse in the Easement; and using Wells' property to construct a fence across the Easement, including placing fence posts across the Easement."

21.    The Underlying Counterclaim also alleges that the "Kimbles, BB&D, Kimble Drywall and their agents or representatives have also stalked and harassed Wells and their guests, contractors and invitees, including but not limited to yelling and screaming at Wells, challenging Wells and/or their contractor to fights and following Wells and their contractors while driving in their vehicles on or near the Easement or on Wells' property, presumably to photograph and film them."

22.    The Underlying Counterclaim also alleges that the Kimbles, BB&D and Drywall erected cameras on the Kimbles' property, that the cameras monitor the

---

[2] The Underlying Counterclaim references the Wellses as "the Wells."

Page 6 – COMPLAINT

Wellses and that some of the cameras have flood lights which point at the Wellses' property and shine into the Wellses' windows.

23. The Underlying Counterclaim alleges that the Kimbles maliciously filed a Lis Pendens to "impede/interfere with Wells' ability to sell and/or develop their property."

24. The Underlying Counterclaim alleges that the Kimbles', BB&D's and Drywall's interference with the easement "resulted [in] a delay in the construction of Wells' home which in turn, resulted in an increase in the price of their construction materials" and caused the Wellses to have to move into a camper on their property.

25. The Underlying Counterclaim alleges that the Kimbles', BB&D's and Drywall's actions made it so that the Wellses could not "fully realize the development potential of their property during this unprecedented construction boom taking place in the Flathead Valley."

26. The Underlying Counterclaim alleges that each of the Wellses suffered stress and anxiety causing "physical discomfort, pain and damage."

27. The Underlying Counterclaim seeks a declaratory judgment that the easement is valid; seeks injunctive relief to stop any interference with the alleged Easement; and brings claims for slander of title, negligence, nuisance and negligent/intentional infliction of emotional distress.

/ / /

28. On or about May 13, 2022, the Kimbles, BB&D and Drywall filed a First Amended Complaint, Third-Party Claim, and Demand for Jury Trial which added third-party plaintiffs Michael and Amanda Caudill and third-party defendants Mountain Reign Construction, LLC and Tylor Lynn Massie.

## FIRST CLAIM FOR RELIEF
## (DECLARATORY JUDGMENT – DUTY TO DEFEND)

29. State Farm realleges and incorporates by reference all previous paragraphs.

30. An actual and justiciable controversy exists between State Farm and the Kimbles, BB&D and Drywall related to whether State Farm has a duty to defend the defendants against the Underlying Counterclaim under the Policy. Namely, State Farm does not believe that it owes a duty to defend any of the defendants under the Policy, but the defendants each apparently believe that a defense is owed from State Farm.

31. State Farm has no duty to defend BB&D or Drywall against the Underlying Counterclaim under the Policy because, among other reasons, neither BB&D nor Drywall qualify as an "insured" or "additional insured" under the Policy.

32. State Farm has no duty to defend any defendant against the Underlying Counterclaim in the Underlying Lawsuit under the Policy because, among other reasons:

/ / /

  a. The Underlying Counterclaim does not allege "bodily injury," or "property damage," as defined in the Policy;

  b. The Underlying Counterclaim alleges damages only for the defendants' intentional conduct, which conduct is not accidental, and therefore not an "occurrence," as defined in the Policy. There further is no "occurrence" in any policy period in which "bodily injury" or "property damage" does not first result;

  c. At least Exclusions 1.a.(1), 1.a.(2), 1.a.(3), 1.b., 1.n.(2), 2.b. and 2.c. together preclude coverage; and

  d. Intentional wrongdoing is not insurable pursuant to Montana public policy and the Underlying Counterclaim alleges intentional wrongdoing.

33. State Farm also has no duty to defend any defendant against the Underlying Counterclaim under the Policy in effect during any policy period where the alleged damages did not first take place during the policy period and/or where the damage was known in whole or in part prior to the policy period.

34. State Farm reserves the right to rely on any provision of the Policy regarding the duty to defend.

/ / /

/ / /

35. Pursuant to 28 U.S.C. § 2201, State Farm is entitled to a declaration by this Court of its rights and duties related to the defense of the Kimbles, BB&D and Drywall under the Policy.

## SECOND CLAIM FOR RELIEF
## (DECLARATORY JUDGMENT – DUTY TO INDEMNIFY)

36. State Farm realleges and incorporates by reference all previous paragraphs.

37. An actual controversy exists between State Farm and the defendants relating to whether State Farm has a duty to indemnify any defendant related to the Underlying Counterclaim under the Policy. Namely, State Farm does not believe it can owe a duty to indemnify any defendant under the Policy, but the Kimbles, BB&D and Drywall apparently each believe that indemnity is owed from State Farm to the extent that it may be assessed liability in the Underlying Lawsuit.

38. State Farm has no duty to indemnify BB&D or Drywall under the Policy for any liability they may be assessed in the Underlying Lawsuit because, among other reasons, neither BB&D nor Drywall qualify as an "insured" or "additional insured" under the Policy.

39. State Farm has no duty to indemnify any defendant for any liability they may be assessed in the Underlying Lawsuit under the Policy because, among other reasons:

/ / /

      a.      The alleged damages do not meet the definition of "bodily injury," or "property damage," as defined in the Policy;

      b.      The damages at issue are seeking liability only for the defendants' intentional conduct, which conduct is not accidental, and therefore not an "occurrence," as defined in the Policy. There further is no "occurrence" in any policy period in which "bodily injury" or "property damage" does not first result;

      c.      At least Exclusions 1.a.(1), 1.a.(2), 1.a.(3), 1.b., 1.n.(2), 2.b. and 2.c. together preclude coverage; and

      d.      Intentional wrongdoing is not insurable pursuant to Montana public policy and the Underlying Counterclaim alleges intentional wrongdoing.

40.    State Farm also has no duty to indemnify any defendant for any liability assessed against them in the Underlying Counterclaim under the Policy in effect during any policy period where the alleged damages did not first take place during the policy period and/or where the damage was known in whole or in part prior to the policy period.

/ / /

/ / /

/ / /

41. The Kimbles, BB&D and Drywall cannot have any rights to indemnity payments under the Policy because State Farm does not have a duty to indemnify any of them for damages assessed against them in the Underlying Counterclaim, if any, for the reasons stated above.

42. State Farm reserves the right to rely on any provision of the Policy regarding the duty to indemnify.

43. Pursuant to 28 U.S.C. § 2201, State Farm is entitled to a declaration by this Court of its rights and duties related to the potential indemnity of the Kimbles, BB&D and Drywall under the Policy.

WHEREFORE, State Farm prays for judgment as follows:

1. A declaration that State Farm does not owe the Kimbles, BB&D or Drywall a defense against the Underlying Counterclaim under the Policy;

2. A declaration that State Farm does not owe the Kimbles, BB&D or Drywall for any potential indemnity for damages sought in the Underlying Counterclaim pursuant to the Policy;

3. A declaration that the Kimbles, BB&D and Drywall are bound by the Court's determination in this lawsuit; and

4. For such other relief that the Court deems just and proper.

/ / /

DATED this 8th day of February, 2023.

                        THE CHARTWELL LAW OFFICES, LLP

                        By /s/ David P. Rossmiller
                            **David P. Rossmiller, Bar No. 11765**
                            Email: drossmiller@chartwelllaw.com
                            1050 SW 6th Avenue, Ste. 1100
                            Portland, OR 97204
                            Telephone: 503-886-8108
                            Facsimile: 503-961-7864

                            *Attorneys for Plaintiff State Farm Fire and Casualty Company*